IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08cv322-01-MU

| | |
|---|---|
| STUART WAYNE TOMPKINS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEP'T OF CORRECTIONS, et al., )<br>)<br>Defendants. )<br>) | **O R D E R** |

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Hearing (Doc. No. 63), filed July 30, 2008; Plaintiff's Motion to Appoint Counsel (Doc. No. 72), filed August 13, 2008; Plaintiff's Motions for Entry of Default (Doc. Nos. 75 and 78), filed September 17, 2008, and October 20, 2008; Plaintiff's Motions for Requests for Admissions (Doc. Nos. 87, 89-95), filed November 20, 2008; Plaintiff's Motion to Deny Summary Judgment (Doc. No. 106), filed November 20, 2008; Plaintiff's Motion to Produce (Doc. No. 108), filed November 24, 2008; and Defendant Mitchell's Motion for Protective Order (Doc. No. 112), filed December 22, 2008.

On November 13, 2007, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 against twenty-six defendants in the United States District Court for the Eastern District of North Carolina. On March 17, 2008, the Eastern District dismissed all of Plaintiff's claims as frivolous except for his claim against Defendant Mitchell alleging that Defendant Mitchell had prohibited him from having any communication with his brother or son. On July 21, 2008, the Eastern District transferred the sole remaining claim against the only remaining defendant to this Court.

**Motion for Hearing**

Plaintiff requests that pursuant to Federal Rule of Civil Procedure 16, this Court order a pre-trial conference. Rule 16 provides that a court "may" order a pretrial conference. As of this date, this Court has determined that a pretrial conference is not warranted in this case and the motion is denied.

**Motion to Appoint Counsel**

Plaintiff requests that the Court provide him with court-appointed counsel to assist him in pursuing this case. Appointment of counsel under §1915(e)(1) in cases brought under 42 U.S.C. § 1983 is discretionary. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). Counsel should be appointed in "exceptional circumstances." Id.; Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). The existence of "exceptional circumstances" depends upon two factors: type and complexity of case and ability of pro se litigant to present case. Whisenant, 739 F.2d at 163. At this time, the Plaintiff is adequately representing himself and his motion is denied. If circumstances change, the Court, on its own motion, will consider appointing an attorney at that time.

**Motions for Entry of Default**

Plaintiff has filed two motions requesting that this Court enter a default judgment against the defendants listed in his various supplemental and amended Complaints. In support of his motions, Plaintiff asserts that the defendants have failed to answer or otherwise respond to his supplemental and amended Complaints. Leave must be given before a supplemental or amended Complaint may be filed. Fed. R. Civ. P. 15(a)(2)[1] and (d). Leave has not been given and defendants are not required to respond to these filings. Consequently, Plaintiff's motions are denied.

---

[1] The motions to amend referenced by Plaintiff in his motion are not his first and were filed over twenty days after Defendant Mitchell had filed an Answer.

**Motions for Requests for Admissions/Motion for Protective Order**

Plaintiff has filed eight motions requesting numerous admissions from "defendants" in this case. As an initial matter, the Court notes there is currently only one defendant and one claim in this matter. In addition, this Court notes that many of Plaintiff's requests for admissions relate to claims raised and dismissed in the United States District Court for the Eastern District of North Carolina. Plaintiff has also filed a motion requesting the production of various documents. A review of the record indicates that Defendant Mitchell has asserted a defense of qualified immunity. On December 22, 2008, Defendant Mitchell filed a Motion for a Protective Order. For good cause shown, Defendant Mitchell's motion is granted and Plaintiff's Motions for Requests for Admission and Motion to Produce are denied.

**Plaintiff's Motion to Deny Summary Judgment**

On November 20, 2008, Plaintiff filed a motion requesting that this Court deny or stay Defendants motion for summary judgment. At the time of Plaintiff's motion no such motion was pending. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff 's Motion for Hearing (Doc. No. 63) is **DENIED**;

2. Plaintiff's Motion to Appoint Counsel (Doc. No. 72) is **DENIED**;

3. Plaintiff's Motions for Entry of Default (Doc. Nos. 75 and 78) are **DENIED**;

4. Plaintiff's Motions for Requests for Admissions (Doc. Nos. 87, 89-95) are **DENIED**;

5. Plaintiff's Motion to Deny Summary Judgment (Doc. No. 106) is **DENIED**;

6. Plaintiff's Motion to Produce (Doc. No. 108) is **DENIED**; and

7. Defendant Mitchell's Motion for Protective Order (Doc. No. 112) is **GRANTED**.

Signed: March 9, 2009

Graham C. Mullen
United States District Judge