IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV322-01-MU

| | |
|---|---|
| STUART WAYNE TOMPKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| DEP'T OF CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court upon Defendant Mitchell's Motion for Summary Judgment (Doc. No. 117), filed February 27, 2009, Plaintiff's Motion to Stay (Doc. No. 125), filed April 3, 2009; and Plaintiff's Motion for Request for Admission (Doc. No. 126), filed April 6, 2009..

On November 13, 2007, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 against twenty-six defendants in the United States District Court for the Eastern District of North Carolina. On March 17, 2008, the Eastern District dismissed all of Plaintiff's claims in his original Complaint as frivolous except for his claim against Defendant Mitchell alleging that Defendant Mitchell had prohibited him from having any communication with his brother or son. In addition, in that same Order, the Eastern District dismissed a Motion to Amend seeking to add fourteen additional defendants as frivolous. On June 4, 2008, the Eastern District denied various motions filed by Plaintiff including Plaintiff's Motion to Supplement the Complaint and Motion to Amend the Complaint – both of which were denied as futile because they were determined to be frivolous. On July 21, 2008, the Eastern District transferred the sole remaining claim against the only remaining

defendant to this Court.

As indicated above, the only claim before this Court is Plaintiff's allegation that Defendant Mitchell has unconstitutionally prohibited Plaintiff's mail to his brother, his brother's wife and his sons. In response to this claim, Defendant Mitchell has asserted that Plaintiff's mail to his brother, his sons or anyone else at his brother's address was stopped in compliance with Department of Correction policy. More specifically, Defendant asserts that on June 6, 2007, he received a letter from Plaintiff's brother and wife requesting that all mail being sent to them by Plaintiff be stopped. (Doc. No. 118-2, Ex. C.) Section 306(b) of the North Carolina Department of Correction Policies and Procedures sets forth that "an individual inmate's privilege to write to a particular person or persons may be withdrawn by the Facility Heads of the correctional facility to which the inmate is assigned, upon request of the recipient, or if the recipient is a minor, at the request of his or her parents or legal guardian. (Doc. No. 118-2, Ex. A.) On the same day that Defendant Mitchell received the letter from Plaintiff's brother and wife, Defendant Mitchell, in compliance with § 306(b), sent a letter to Plaintiff informing him that for the duration of his incarceration he was not to communicate in any form with his brother, his brother's wife, or anyone at their residence. (Doc. No. 118-2, Ex. D.) Plaintiff was further informed that failure to comply with this directive would result in the censorship of his incoming and outgoing mail. The North Carolina Department of Correction (DOC) has a legitimate penological interest in protecting the public from harassment by inmates by prohibiting an inmate from sending letters to persons who have indicated in writing that they do not wish to receive mail from a particular inmate. See Berdella v. Delo, 972 F.2d 204, 209 (8th Cir. 1992)(policy of prohibiting inmate from sending mail to persons who have indicated in writing that they do not wish to receive mail from a particular inmate is generally necessary to serve

the government's interest in protecting the public from harassment by inmates); Jones v. Diamond, 594 F.2d 997, 1014 (5th Cir. 1979)(validating the use of negative mail lists and stating "jail officials may employ a 'negative mail list' to eliminate any prisoner correspondence with those on the outside who affirmatively indicate that they do not wish to receive correspondence from a particular prisoner."); see also Samford v. Drekte, __ F.3d __, No. 06-20443, 2009 WL 668748 (5th Cir. Mar. 3, 2009)(recognizing that prisons have legitimate interest in protecting crime victims and their families from unwanted communications from prisoners). Based upon the above, this Court concludes that Defendant Mitchell did not violate Plaintiff's constitutional rights when he followed prison policy and prohibited Plaintiff from communicating with individuals who had requested in writing that they not receive letters from Plaintiff.

In his response to the Motion for Summary Judgment, Plaintiff contends that the letter which triggered the prohibition was not written in his brother or his brother's wife's handwriting. Plaintiff's blanket, self-serving assertion is insufficient to create a material issue of fact.[1] Plaintiff provides no alternative explanation whatsoever for existence of the letter. More importantly, Plaintiff does not allege that Defendant Mitchell should have known that the letter was a forgery. Indeed, Plaintiff never asserts that he informed Defendant Mitchell as to his belief that the letter was not in fact from his brother or his brother's wife.

Plaintiff also complains in his response that two letters dated February 20, 2007, and February 24, 2007, that he sent to his brother and his wife prior to the receipt of the letter asking that such correspondence to be stopped, were not delivered. Such assertion does not support Plaintiff's

---

[1] Plaintiff asks this Court to contact his brother to determine the authenticity of the letter. This Court does not investigate claims for parties.

claim against Defendant Mitchell. That is, Plaintiff does not allege any action by Defendant Mitchell that caused these two alleged letters not to be delivered. Moreover, a review of the mail log reveals that letters on April 24, 2007, May 22, 2007, and May 30, 2007 were mailed from Plaintiff to Carl and Peggy Tompkins. (Doc. No. 118-2, Ex. B.) These entries support a conclusion that no institutional policy was interfering with Plaintiff's ability to send mail to his brother, his brother's wife or anyone at their address and further supports a conclusion that Defendant Mitchell was not involved.

Plaintiff also asserts that Defendant Mitchell violated his constitutional rights by not informing him in the letter that he had a right to appeal the decision to prohibit him from sending letters to his brother, his brother's wife, or anyone at their address. In support of his assertion, Plaintiff cites to § .308(b) of the DOC Policies and Procedures. Plaintiff misreads the rules. The requirement to inform an inmate about the right to appeal refers to a decision by the Facility Head that "an inmate should be prohibited from sending or receiving any personal mail because the content of the mail threatens the security of the facility." There is no such requirement associated with the restriction of mail due to a request by a non-inmate.

In addition the Court notes that the doctrine of qualified immunity shields Defendant Mitchell from any claims for monetary damages. A government official is entitled to qualified immunity from civil liability when his or her "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Government officials are immune from liability "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987).

When assessing the merits of a qualified immunity defense, a court must first determine "whether a constitutional right would have been violated on the facts alleged." Saucier v. Katz, 121 S. Ct. 2151, 2156 (2001). If a constitutional violation is established, only then does a court assess "whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right." Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002)(citing Saucier v. Katz, 121 S. Ct. 2151, 2156 (2001)).

As noted above, this Court concludes that no constitutional violation occurred. However, even if a constitutional violation occurred, this Court concludes that the constitutional right was not so clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right. As set forth previously, Defendant Mitchell was merely implementing DOC policy when he prohibited Plaintiff from sending out mail to recipients who had requested that mail from Plaintiff be stopped. Moreover, existing case law, supports the conclusion that it is not unconstitutional to stop inmate mail from going to recipients who have requested that such an action be taken.. See e.g., Berdella v. Delo, 972 F.2d 204, 209 (8th Cir. 1992)(policy of prohibiting inmate from sending mail to persons who have indicated in writing that they do not wish to receive mail from a particular inmate is generally necessary to serve the government's interest in protecting the public from harassment by inmates); Jones v. Diamond, 594 F.2d 997, 1014 (5th Cir. 1979)(validating the use of negative mail lists and stating "jail officials may employ a 'negative mail list' to eliminate any prisoner correspondence with those on the outside who affirmatively indicate that they do not wish to receive correspondence from a particular prisoner."); see also Samford v. Drekte, __ F.3d __, No. 06-20443, 2009 WL 668748 (5th Cir. Mar. 3, 2009)(recognizing that prisons have legitimate interest in protecting

5

crime victims and their families from unwanted communications from prisoners). Consequently, this Court also concludes that the doctrine of qualified immunity shields Defendant Mitchell from any claims for damages.

Finally, the Court notes that Plaintiff has filed a Motion to Stay and a Motion for Request for Admissions. In his Motion to Stay, Plaintiff essentially asserts that he needs discovery. The Court discerns no need for any discovery in this matter. Consequently, Plaintiff's Motion to Stay and Motion for Request for Admissions are denied.

**IT IS THEREFORE ORDERED THAT**:

1. Defendant's Motion for Summary Judgment (Doc. No. 127) is **GRANTED;**

2. Plaintiff's Motion to Stay (Doc. No. 125) is **DENIED**;

3. Plaintiff's Motion for Request for Admissions (Doc. No. 126) is **DENIED**; and

2. Plaintiff's Complaint is **DISMISSED**.

Signed: April 13, 2009

Graham C. Mullen
United States District Judge