# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 1:08-cv-322-GCM

| | |
|---|---|
| STUART WAYNE TOMPKINS, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>DAVID MITCHELL, Superintendent, )<br>Mountain View Correctional Institution, )<br>)<br>Defendant. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on a "Motion for Leave of Court to File for Reconsideration Interlocutory Order or Judgment" and on a "Motion for Reconsideration Interlocutory Order of Judgment" by pro se Plaintiff Stuart Wayne Tompkins. (Doc. Nos. 150; 151).

I.  BACKGROUND

Plaintiff, an inmate at Scotland Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983, alleging that, while Plaintiff was incarcerated at Mountain View Correctional Institution, Defendant David Mitchell violated Plaintiff's constitutional rights by prohibiting Plaintiff from having any communication with Plaintiff's brother, his brother's wife, or his son. On April 14, 2009, this Court granted summary judgment to Defendant Mitchell, finding that Defendant did not violate Plaintiff's constitutional

rights when he prohibited Plaintiff from communicating with individuals who had requested in writing that they not receive letters from Plaintiff. (Doc. No. 127 at 3).

On October 25, 2010, in an unpublished opinion, the Fourth Circuit affirmed based on the reasoning of this Court. See (Doc. No. 62: Tompkins v. Mitchell, No. 09-7224 (4th Cir. 2010)). On May 21, 2012, Plaintiff filed the pending "Motion for Leave of Court to File for Reconsideration Interlocutory Order or Judgment" and the "Motion for Reconsideration Interlocutory Order of Judgment." (Doc. Nos. 150; 151).

**II. STANDARD OF REVIEW**

Plaintiff states that he is filing the motion for reconsideration pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) provides generally that a court may enter final judgment on fewer than all claims; Rule 54(b) does not specifically address motions for reconsideration of judgments. See FED. R. CIV. P. 54(b). Instead, Plaintiff's motion for reconsideration is properly construed as a motion to amend or alter judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. See FED. R. CIV. P. 59(e).

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to

make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)). Finally, under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e).

### III. DISCUSSION

The Court will deny Plaintiff's motion for reconsideration. First, the motion was made well past the time for filing such motion. Judgment was entered on April 14, 2009, and Plaintiff did not file his motion for reconsideration until May 21, 2012. Furthermore, Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted.[1] That is, Plaintiff's motion does not present evidence that was unavailable when he filed his complaint, nor does it stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to Plaintiff. See Hill, 277 F.3d at 708. Finally, Plaintiff could have raised in his direct appeal the same arguments presented in his

---

[1] The Court would also deny the motion for reconsideration if it were treated as filed under Rule 60(b), as Plaintiff did not file the motion for reconsideration "within a reasonable time," see Rule 60(c), and, in any event, Plaintiff has not shown any Rule 60(b) grounds for relief.

3

pending motion for reconsideration.[2]  For all of these reasons, Plaintiff's motion for reconsideration must be denied.

## IV.   CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

(1)  Plaintiff's "Motion for Leave of Court to File for Reconsideration Interlocutory Order or Judgment," (Doc. No. 150), is **GRANTED**.

(2) Plaintiff's "Motion for Reconsideration Interlocutory Order of Judgment," (Doc. No. 151), is **DENIED**.

Signed: May 24, 2012

Graham C. Mullen
United States District Judge

---

[2]  Plaintiff, in fact, raised some of the same arguments on direct appeal that he has raised here.